## CONROY v. SANFORD, Warden.
### No. 11691.

Circuit Court of Appeals, Fifth Circuit.

Oct. 23, 1946.

John Joseph Conroy, in pro. per.

M. Neil Andrews, U. S. Atty., and Harvey H. Tisinger and F. Douglas King, Asst. U. S. Attys., all of Atlanta, Ga., for appellee.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

PER CURIAM.

Conroy's petition for a writ of habeas corpus was dismissed, after a development by a response and traverse of it of the undisputed facts. They are that he was indicted for fraudulently impersonating an officer of the United States and thereby obtaining $600 from Ann J. McGuire, contrary to Title 18 U.S.C.A. § 76. He was represented by counsel and entered on his trial, but abandoned his defense and pleaded guilty, and was sentenced on his plea to a term of imprisonment for three years, now being served.

He attacks the sentence because of evidence admitted and other rulings made in the trial, which he considers erroneous and prejudicial and says coerced his plea of guilty; but nothing very unusual is shown, and he should have stood by his first plea if not guilty, and corrected any trial errors by appeal. They cannot avail to justify release on habeas corpus.

 The main contention is that Ann J. McGuire had married him, as he showed by a Massachusetts marriage certificate, and the $600 was furnished by her for honeymoon expenses, and the allowance of evidence that he had already a living wife undivorced was an unconstitutional denial of due faith and credit to the marriage certificate. A judgment annulling his second marriage for this reason was rendered shortly after his trial. A marriage certificate means and usually says only that a ceremony of marriage was performed between the person named and by the officer

or minister signing it. It warrants nothing as to the validity of the marriage or the capacity of the parties. It is entitled to no faith and credit on that question, and there was nothing amiss in allowing proof that Conroy could not marry Ann J. Mc-Guire for the above reason. The marriage was void not only from the date of the decree annulling it, but from the beginning. Section 519 of Title 18 U.S.C.A. cited by Conroy provides nothing to the contrary; but by its terms is not of force in Massachusetts, but only in the Territories of the United States. But this matter and the others are but incidents in a trial which was abandoned on advice, it may be assumed, of counsel. They do not serve to annul a plea of guilty and sentence thereon in this collateral attack by habeas corpus.

Judgment affirmed.